IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| GARY FELICIANO, #A0074243, | ) | CIV. NO. 18-00299 DKW-KJM |
|---|---|---|
| | ) | |
| Plaintiff, | ) | ORDER (1) GRANTING IN FORMA |
| | ) | PAUPERIS APPLICATION; AND |
| vs. | ) | (2) DISMISSING COMPLAINT IN |
| | ) | PART |
| SCOTT HARRINGTON, GARY | ) | |
| KAPLAN, PAUL NIESEN, JANICE | ) | |
| LEPULE, MEGAN OWENS, and | ) | |
| DOVIE BORGES, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Before the court is pro se Plaintiff Gary Feliciano's (1) prisoner civil rights Complaint and (2) Application to Proceed In Forma Pauperis by a Prisoner ("IFP Application"). ECF Nos. 1, 2. Feliciano asserts that Halawa Correctional Facility ("HCF") officials and staff[1] violated the Americans With Disabilities Act ("ADA") and his rights to due process when Defendant Gary Kaplan denied his requests to participate in a prison drug treatment program.

Feliciano's IFP Application is granted. The Complaint is dismissed in part for failure to state a claim. *See* 28 U.S.C. §§ 1915(e)(2) & 1915A(a-b). Specifically, Feliciano's due process claims, and all claims as alleged against

---

[1] Feliciano names HCF Warden Scott Harrington; Program Administrator Gary Kaplan; Module 3, B-Block Case Manager Paul Niesen; Unit Manager Janice Lepule; Module 4 Case Manager Megan Owens; and HCF Administrator Dovie Borges as Defendants.

Defendants Harrington, Niesen, Lepule, Owens and Borges, are dismissed without prejudice. Feliciano states a colorable claim against Defendant Gary Kaplan under the ADA and that claim may be served. Kaplan is required to file a response after service is perfected. *See* 42 U.S.C. § 1997e(g)(2).

## I. STATUTORY SCREENING

The court is required to conduct a pre-Answer screening of all prisoners' pleadings pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a). The court must dismiss a claim or complaint that is frivolous, malicious, fails to state a claim for relief, or seeks damages from defendants who are immune from suit. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

Screening under §§ 1915(e)(2) and 1915A(b) involves the same standard of review as that used under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (screening under § 1915(e)(2)); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (screening under § 1915A). Under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." *Id.* The "mere possibility of misconduct" or an "unadorned, the defendant-unlawfully-harmed me accusation" falls short of meeting this plausibility standard. *Id.* at 678-79; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Pro se litigants' pleadings must be liberally construed and all doubts should be resolved in their favor. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). Leave to amend must be granted if it appears the plaintiff can correct the defects in the complaint. *Lopez*, 203 F.3d at 1130. If the complaint cannot be saved by amendment, dismissal without leave to amend is appropriate. *Sylvia Landfield Tr. v. City of L.A.*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## II. **IFP APPLICATION**

Feliciano qualifies as a pauper, and his IFP Application is GRANTED.[2] *See* 28 U.S.C. § 1914. As a prisoner, Feliciano is obligated to pay the full filing fee regardless of the outcome of this suit or whether he is later released. *See* 28 U.S.C. § 1915(b)(1) & (e)(2). Feliciano shall make an initial partial payment of 20% of the current balance of his account, if that balance exceeds $10.00. Thereafter, Feliciano shall make monthly payments of 20% of the preceding

---

[2]Feliciano failed to acknowledge consent for the collection of funds from his account, *see* Local Rule LR99.7.10(d), but signed the form under penalty of perjury, which is sufficient.

month's income credited to his account, when his account exceeds $10.00. *Id.*

IT IS HEREBY ORDERED that:

(1) The Hawaii Department of Public Safety ("DPS"), Warden of the Halawa Correctional Facility, or designees, shall calculate, collect, and remit to the Clerk of Court an initial partial payment equaling 20% of the amount in Feliciano's account (if that amount exceeds $10.00), and thereafter, monthly payments equaling 20% of Feliciano's preceding month's income or balance when the account exceeds $10.00, until the $350.00 civil filing fee is paid in full. *See* 28 U.S.C. § 1915(b)(2). These payments must be identified by the name and number assigned to this action.

(2) The Clerk is directed to serve a copy of this order on Feliciano, the HCF Warden and Financial Office, Shelley Nobriga Harrington, Esq., and Laurie Nadamoto, Esq., DPS Litigation Coordinators. The Clerk shall submit a copy of this order to the District of Hawaii's Financial Department.

### III. **DISCUSSION**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48

(1988). Additionally, a plaintiff must allege that he suffered a specific injury as a result of a particular defendant's conduct and an affirmative link between the injury and the violation of his rights. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978); *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

## A. Feliciano's Claims

The Hawaii Paroling Authority ("HPA") recommended that Feliciano complete HCF's "2.5 Drug Treatment Program" to be considered for parole. Compl., ECF No. 1, PageID #3. He says that Defendant Kaplan denied his repeated requests to participate in the drug program because the module where the program is held has insufficient bed space to accommodate Feliciano's "Multiple Disabilities." *Id.* Feliciano asserts, however, that he has a "Medical Aid[e]" who can take him to and from his current module in a wheelchair to the drug program module when needed. *Id.* Feliciano further alleges that other inmates have "jump[ed] in front of him," were approved for the program, and have already been released on parole.

Feliciano explicitly seeks damages but his claims suggest that he also seeks prospective injunctive relief in the form of placement in the drug treatment program. *Id.*, PageID #4.

## B. Linkage Requirement Under Section 1983

"Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Crowley v. Nevada ex rel. Nevada Sec'y of State*, 678 F.3d 730, 734 (9th Cir. 2012) (citing *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) ) (internal quotation marks omitted). To state a claim, Feliciano must allege facts demonstrating the existence of a link, or causal connection, between each defendant's actions or omissions and a violation of his federal rights. *Lemire v. Cal. Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074-75 (9th Cir. 2013); *Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011).

Feliciano alleges no affirmative acts or omissions by Defendants Harrington, Niesen, or Lepule that violated his rights or that connects them to his claims. Although Feliciano briefly mentions Owens once, he suggests that she approved his request to attend the drug treatment program before Kaplan denied the request. *See* Compl., ECF No. 1, PageID #3 (stating Kaplan had the power to accommodate his disability after "a Direct Approval From Case Manager Megan Owens who is in Charge of 2.5 drug program"). Accordingly, Feliciano fails to link Harrington, Niesen, Lepule, and Owens to a deprivation of his rights, and all claims against them are DISMISSED without prejudice. If he elects to amend the Complaint, Feliciano must link each Defendant to an affirmative act or omission

giving rise to his claims.

**C.     Supervisor Liability**

To the extent Feliciano is attempting to bring suit against Defendants Harrington, Niesen, Lepule, and Owens based on their supervisory roles, and this is only suggested by their titles, he may not do so.  Liability may not be imposed on supervisory personnel for acts or omissions of their subordinates under the theory of respondeat superior.  *Iqbal*, 556 U.S. at 676-77; *Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1020–21 (9th Cir. 2010).

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them."  *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr v. Baca*, 652 F.3d 1202, 1205-06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009).  Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation."  *Redman v. Cty. of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (citations and quotations marks omitted), *abrogated on other grounds by Farmer v. Brennan*, 511 U.S. 825 (1994).

**D.     Due Process Claim**

Feliciano alleges that Kaplan denied him due process when Kaplan denied his requests to attend the drug treatment program, which Feliciano alleges will delay his consideration for parole.

To state a due process violation, a plaintiff must first establish a liberty or property interest for which protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005); *Hewitt v. Helms*, 459 U.S. 460, 466-68 (1983), *abrogated in part on other grounds by Sandin v. Conner*, 515 U.S. 472, 481-84 (1995); *Chappell v. Mandeville*, 706 F.3d 1052, 1062 (9th Cir. 2013). Prisoners have "no constitutional or inherent right . . . to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Nebraska Penal Inmates*, 442 U.S. 1, 7 (1979). The decision to grant parole is solely within the discretion of each state. *Id.* at 9-11 (stating an inmate's interest in being granted parole "is no more substantial than the inmate's hope that he will not be transferred to another prison, a hope which is not protected by due process.") (citations omitted). Feliciano has no direct liberty interest in parole, and therefore, no liberty interest to consideration for parole under the Constitution.

It is also well-settled that Hawaii's prisoners have no state-created right to early release or consideration for parole. *See Mujahid v. Apao*, 795 F. Supp. 1020,

1024 (D. Haw. 1992); *D'Agirbaud v. Alanzo*, 2018 WL 1073126, at *5 (D. Haw. Feb. 27, 2018); *Rideout v. Haw. Paroling Auth.*, 2014 WL 1571286, at *3 (D. Haw. Apr. 17, 2014) (recognizing that Hawaii's parole regime creates no liberty interest in parole and collecting District of Hawaii cases).

To the extent Feliciano asserts a due process violation regarding the denial of a program that *might* qualify him for parole consideration, but will not guarantee him parole, he cannot state a claim. Amendment to this claim appears futile, and it is DISMISSED with prejudice.

**E. ADA Claim**

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The Supreme Court has held that Title II applies to state prisons. *Pennsylvania Dep't of Corr. v. Yeskey*, 524 U.S. 206, 210 (1998); *see also Lee v. City of Los Angeles*, 250 F.3d 668, 691 (9th Cir. 2001). To state a claim under Title II of the ADA, a plaintiff must allege that:

> (1) he is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) he was either excluded from

> participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of [his] disability.

*Simmons*, 609 F.3d at 1021 (quoting *McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004)).

Although 42 U.S.C. § 12132 does not expressly provide for reasonable accommodations, its implementing regulations provide that "[a] public entity shall make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity." 28 C.F.R. § 35.130(b)(7). The duty to provide "reasonable accommodations" or "reasonable modifications" for disabled people under Title II of the ADA arises only when a policy, practice or procedure discriminates on the basis of disability. *Weinreich v. Los Angeles Cty. MTA*, 114 F.3d 976, 979 (9th Cir. 1997). The plaintiff bears the burden of establishing the existence of specific reasonable accommodations that the defendant public entity failed to provide. *See id.* at 978.

Feliciano adequately pleads that he has a disability that requires the use of a wheelchair, HCF is a public entity, he was denied entry into a drug treatment

program because of his disability although he had been recommended to take the program, and that Kaplan denied him a reasonable accommodation to participate in that program. Although Feliciano has no right to parole, or to programs that affect consideration for parole, he cannot be denied participation in such programs based on his disability. Feliciano states a colorable claim under the ADA against Kaplan, and this claim shall proceed.

## IV. **LEAVE TO AMEND**

Feliciano may file an amended complaint on or before September 17, 2018 to cure the deficiencies in those claims dismissed without prejudice. In the alternative, he may stand on his ADA claims as alleged against Defendant Kaplan.[3] On receipt of written notification of such election, or if Feliciano fails to timely submit an amended complaint by September 17, 2018, the Court will order the Complaint, as limited, served on Defendant Kaplan.

If Feliciano elects to file an amended complaint, he must comply with the Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the District of Hawaii. Local Rule LR10.3 requires that an amended

---

[3]Electing to stand on his ADA claims against Kaplan and have them served does not foreclose Feliciano from later filing an amended pleading that cures the deficiencies in his claims dismissed without prejudice, subject to the requirements of Fed. R. Civ. P. 15 and orders of this Court.

11

complaint be complete in itself without reference to any prior pleading. An amended complaint will supersede the preceding complaint. *See Ramirez v. Cty. of San Bernadino*, 806 F.3d 1002, 1008 (9th Cir. 2015); LR99.7.10. An amended complaint must be short and plain, comply with Rule 8 of the Federal Rules of Civil Procedure, and be submitted on the court's prisoner civil rights form. Defendants not renamed and claims not realleged in an amended complaint may be deemed voluntarily dismissed. *See Lacey v. Maricopa Cty*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

## V. CONCLUSION

(1) Feliciano's Application to Proceed In Forma Pauperis by a Prisoner is GRANTED.

(2) Feliciano's due process claims and all claims alleged against Defendants Harrington, Niesen, Lepule, and Owens are DISMISSED without prejudice.

(3) Feliciano's ADA claims asserted against Defendant Gary Kaplan state a colorable claim for relief and may be served.

(4) Feliciano may file an amended complaint that cures the noted deficiencies in his Complaint on or before September 17, 2018. If Feliciano does not wish to file an amended pleading and instead elects to stand on his claims

against Defendant Kaplan, he shall promptly notify the Court of that fact in writing no later than September 17, 2018, and the Court will issue an order directing service.

(5) The Clerk of Court is DIRECTED to send Feliciano a prisoner civil rights complaint form so that he may comply with this Order.

IT IS SO ORDERED.

DATED: August 15, 2018 at Honolulu, Hawaii.



Derrick K. Watson
United States District Judge

*Feliciano v. Harrington, et al.*, No. 1:18-cv-00299 DKW-KJM; ORDER (1) GRANTING IN FORMA PAUPERIS APPLICATION; AND (2) DISMISSING COMPLAINT IN PART

13